UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

―――――――――――――――――――――――――

ESSITE LEE,                                   :
                    Petitioner,               :
                                              :
          v.                                  :          No. 2:15-cv-00783
                                              :
ECKARD, THE DISTRICT ATTORNEY                 :
OF PHILADELPHIA COUNTY, and THE               :
PENNSYLVANIA ATTORNEY GENERAL,                :
                    Respondents.              :

―――――――――――――――――――――――――

**O P I N I O N**
**Report and Recommendation, ECF No. 33 – Adopted**

**Joseph F. Leeson, Jr.**                                          **March 9, 2018**
**United States District Judge**


## I.      INTRODUCTION

Petitioner Essite Lee filed a petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, challenging his conviction in the Philadelphia County Court of Common Pleas of two

counts of first-degree murder and one count of possession of an instrument of crime.  With

permission, Lee subsequently filed a Memorandum of Law in support of his petition.  After full

briefing, Magistrate Judge Jacob P. Hart issued a Report and Recommendation ("R&R")

recommending that the habeas corpus claims be denied.  Petitioner has filed objections to the

R&R.  After de novo review, this Court adopts the R&R and denies habeas relief.

## II.     STANDARDS OF REVIEW

### A.      R&R with objections

When objections to a report and recommendation have been filed under 28 U.S.C.

§ 636(b)(1)(C), the district court must make a de novo review of those portions of the report to

which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

### B.     Habeas corpus petitions under 28 U.S.C. § 2254

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 732-33 (1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him").

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted). *See also* 28 U.S.C. § 2254(d);[1] *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir. 2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be

---

[1]     "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

unreasonable.").  Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts."  *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008).  The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

The heightened level of deference in § 2254(d) is not applicable to a state court's determination as to whether a petitioner waived his right to review because there has not been an "adjudication on the merits."  *Fahy*, 516 F.3d at 180.  But, "the § 2254(e)(1) presumption of correctness applies regardless of whether there has been an 'adjudication on the merits' for purposes of § 2254(d)."  *Nara v. Frank*, 488 F.3d 187, 200-01 (3d Cir. 2007).  Also, "in referencing 'adjudication on the merits,' AEDPA draws no . . . distinction for alternative rulings.  Rather, it suggests that where a state court has considered the merits of the claim, and its consideration provides an alternative and sufficient basis for the decision, such consideration warrants deference."  *Rolan v. Coleman*, 680 F.3d 311, 321 (3d Cir. 2012).

**C.**     **Claims of ineffective assistance of counsel**

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable.  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).  "And, because the *Strickland*[2] standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

---

[2]       *Strickland v. Washington*, 466 U.S. 668 (1984).

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence and the burden is on the petitioner. *Id.* at 687, 695.

To establish counsel's ineffectiveness for failure to investigate or call a witness, a petitioner must establish: "(1) that the witness existed; (2) that the witness was available; (3) that counsel was informed of the existence of the witness or should have known of the witness'[s] existence; (4) that the witness was available and prepared to cooperate and would have testified on petitioner's behalf; and (5) that the absence of the testimony prejudiced the petitioner." *Macey v. Lawler*, No. 08-3297, 2009 U.S. Dist. LEXIS 129196, at *16 (E.D. Pa. Dec. 30, 2009) (citing *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004)). The habeas petitioner "must make a specific, affirmative showing as to what the missing evidence would have been, and prove that this witness's testimony would have produced a different result."

*Romansky v. Folino*, No. 1:CV-09-01472, 2017 U.S. Dist. LEXIS 28405, at *91 (M.D. Pa. Mar. 1, 2017) (citing *Commonwealth v. Ervin*, 766 A.2d 859, 865 (Pa. Super. 2000) (internal quotations omitted)).

## IV.    ANALYSIS

This Court has conducted de novo review and overrules Lee's objections largely for the reasons set forth in R&R.  Magistrate Judge Hart thoroughly reviewed each of Lee's habeas claims and the state court record, and succinctly analyzed the facts and applicable legal authority.  Although this Court has conducted de novo review of all of Lee's claims, it writes separately to address only a few of his objections.  *See Hill*, 655 F. App'x. at 147.

### A.    Trial counsel was not ineffective for failing to call witnesses.

In discussing trial counsel's alleged ineffectiveness for failing to call Brenda Lee, Lamar Osbourne, Markisha Graham, Warren Harding, Jamillah Butler,[3] Walter Perry, and Basheen Harrison as witnesses, the Magistrate Judge accorded deference to the PCRA court's decision. The Magistrate Judge concluded that counsel was not ineffective under *Strickland* for failing to call these witnesses because Lee made a knowing and informed statement that he did not want these witnesses to testify.  *See* R&R 5-8, ECF No. 33.

Upon de novo review, this Court concludes that the state court did not render an "adjudication on the merits" on all aspects of this claim to warrant complete deference.  Rather, the PCRA court, considering the trial court's colloquy with Lee regarding his decision not to have any witnesses testify on his behalf, concluded that Lee "waived" an ineffectiveness claim with respect to trial counsel's failure to call Brenda Lee, Lamar Osbourne, and Markisha Graham as alibi witnesses, as well as counsel's failure to call Basheen Harrison as a fact witness.  *See*

---

[3]      Also spelled Jamilla Butler.

PCRA Court's Rule 1925 Opinion dated August 9, 2012, at 7 (citing *Commonwealth v. Lawson*, 762 A.2d 753, 756 (Pa. Super. 2000) ("A defendant who voluntarily waives the right to call witnesses during a colloquy cannot later claim ineffective assistance and purport that he was coerced by counsel.")). The PCRA court's determination that the claim respecting these four witnesses was waived is not entitled to deference because it was not an "adjudication on the merits."[4] *See Fahy*, 516 F.3d at 180 (holding that § 2254(d) deference is not applicable to a state court's determination as to whether a petitioner waived his right to review).[5] But, the PCRA court's finding that Lee "knowingly, intelligently and voluntarily advised the court that he did not wish these witnesses to be called," PCRA Opinion at 7, is presumed to be correct. *See Swinson v. Pennsylvania*, No. 07-3934, 2008 U.S. Dist. LEXIS 117342, at *21-22 (E.D. Pa. Sep. 29, 2008) (holding that even if the state court's findings on the validity of the petitioner's waiver were not entitled to deference under § 2254(d), "the underlying explicit and implicit factual findings upon which the state court based its conclusions must be afforded a presumption of correctness under § 2254(e)(1) since petitioner has failed to rebut that presumption with 'clear and convincing evidence'").

After de novo review and for the reasons set forth in the R&R, which quotes the trial court's on-the-record discussion with Lee about his decision not to call Brenda Lee, Osbourne,

---

[4]     This claim may also be considered procedurally defaulted and not reviewable. *See Jackson v. Cameron*, No. 15-cv-06719-CMR, 2017 U.S. Dist. LEXIS 84015, at *58-59 (E.D. Pa. May 30, 2017) (determining that because the PCRA "court's ruling is based on an independent state procedural rule that does not depend on a federal constitutional question. . . . the claim is procedurally defaulted and habeas review is not cognizable").

[5]     While the PCRA court's determination that the claim is waived is not entitled to deference, it appears that the PCRA court may have also decided, as an alternative ground for denying relief, that trial counsel was not ineffective for failing to present Harrison and Graham because Lee stated he did not want them to testify. *See* PCRA Opinion 8. This is a decision on the merits that is entitled to deference. *See Rolan*, 680 F.3d at 319-21 (holding that a state court's alternative merits determination warrants AEDPA deference).

Graham, and Harrison to testify, this Court concludes that Lee did not rebut the presumption of correctness owed to the PCRA court's findings. Moreover, regardless of any presumption, the record demonstrates that Lee knowingly and voluntarily waived his right to call these witnesses to testify. As outlined in the R&R, the trial court specifically discussed with Lee his decision not to have these four witnesses testify. R&R 6-7 (citing Trial Transcript, June 27, 2007, at 128-133). Further, it is clear from the record[6] that trial counsel fully investigated these witnesses, thereby defeating Lee's claim that his decision not to call these witnesses was not knowingly made or that counsel was ineffective in this regard. Because Lee knowingly and voluntarily made the decision not to have these four witnesses testify, trial counsel cannot be deemed ineffective for failing to call Brenda Lee, Lamar Osbourne, Markisha Graham, and Basheen Harrison to testify. *See Clark v. Kerestes*, No. 14-806, 2014 U.S. Dist. LEXIS 182065, at *13-14 (E.D. Pa. July 10, 2014) (determining that because the § 2254 petitioner waived his right to present witnesses at trial, trial counsel could not have been ineffective in failing to present such witnesses). The claim is therefore without merit as to these four witnesses and Lee's objections are overruled.

As to the remaining three witnesses mentioned in this claim (Warren Harding, Jamillah Butler, and Walter Perry), the PCRA court did reach a decision on the merits that is entitled to deference. As to Harding, the PCRA court denied relief because there was nothing in Lee's offer of proof that could overcome the hearsay nature of Harding's statement that someone named "Jerz" committed the crime. *See* PCRA Opinion 7-8. As to Butler and Perry, the PCRA court

---

[6] Part of the trial court's colloquy cited in the R&R included an exchange between Lee and trial counsel during which Lee acknowledged that counsel spoke with Harrison at length and that Lee was agreeable with not calling Harrison to testify. *See* R&R 6-7 (citing Trial Transcript, June 27, 2007, at 128-133). Also, Lee attached to his PCRA petition written statements from the three alibi witnesses (Brenda Lee, Lamar Osbourne, Markisha Graham), as well as the report of the investigator hired by trial counsel, all of which predate the trial.

determined that nowhere within Lee's offers of proof was there an affidavit from either witness attesting that they were available and willing to testify at the time of Lee's trial. *Id.* The PCRA court determined that in light of these deficiencies, Lee failed to show that counsel was ineffective.

Upon de novo review of the habeas petition, Lee's Memorandum of Law and Reply, the PCRA petition, and the documents attached to each, this Court agrees that trial counsel was not ineffective for failing to investigate or call any of these three witnesses. As to Harding, the PCRA court's decision that his testimony would be inadmissible hearsay is neither contrary to, nor an unreasonable application of, federal law. *See Hodges v. Shannon*, No. 08-CV-2483, 2009 U.S. Dist. LEXIS 68125, at *1 n.3 (E.D. Pa. Aug. 3, 2009) (adopting the Magistrate Judge's conclusion that the state court correctly determined the witness's proffered testimony was inadmissible hearsay under Pennsylvania law and that the application of that rule to the statement, which barred its introduction, did not violate the federal constitution). It appears that much, if not all, of Butler's testimony would have been barred for the same reason. The PCRA court's determination that Lee's offers of proof failed to establish that either Butler or Perry was available and willing to testify at the time of trial is also consistent with federal law. *See Figueroa v. Mooney*, No. 14-2876, 2016 U.S. Dist. LEXIS 110807, at *25 (E.D. Pa. Aug. 17, 2016) (finding that the petitioner's claim that trial counsel was ineffective for failing to call a witness did "not meet the doubly deferential standard" because, *inter alia*, there had been no showing of a willingness of the witness to testify). Under both Pennsylvania law and federal law, where a petitioner alleges that trial counsel was ineffective for failing to call a witness, the petitioner must show that the witness would have been available and willing to testify at the time of trial. *See Petty v. Thomas*, No. 14-4578, 2017 U.S. Dist. LEXIS 62128, at *14-15 (E.D. Pa.

Apr. 24, 2017).  The PCRA court here correctly noted that there was no affidavit from either of these two witnesses.  Although the absence of an affidavit by these witnesses is not itself fatal, *see Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa. Super. 2014) (concluding that "the certification requirement can be met by an attorney or pro se petitioner certifying what the witness will testify regarding"), Lee's certification also fails to establish that these witnesses were available and willing to testify at the time of trial, *see Petty*, 2017 U.S. Dist. LEXIS 62128, at *14-15 (determining that because the witness's statement "did not declare a willingness or availability to testify at trial," the petitioner had not shown that the outcome of his trial would have been different had counsel sought to interview the witness or call him to testify).  Specifically, Lee's certification as to what Butler and Perry would testify about states only that they "will testify" and gives no indication that they were available and willing to testify at the time of trial.  Rather, the investigator's report indicates that Butler was not cooperative or willing to speak with trial counsel's investigator before trial, which is incompatible with Lee's required showing "that this witness was available and *prepared to cooperate* and would have testified on petitioner's behalf."  *See Macey*, 2009 U.S. Dist. LEXIS 129196, at *16 (emphasis added).  Lee's certification regarding Harding similarly fails to indicate that he was available and willing to testify at the time of trial.  In fact, according to Harding's written statement, prepared two months after the trial, he did not know Lee or his family at the time of trial.  Lee complains that had trial counsel investigated Butler, he would have learned about Harding pretrial, but as previously mentioned, trial counsel's investigator attempted to speak with Butler, but she refused to cooperate.[7]  The PCRA court's rejection of the ineffective assistance of counsel claim

---

[7]     The investigator's reports show that trial counsel did investigate Butler.  The investigator spoke with her on May 7, 2007, and made an appointment to interview her on May 8, 2007.  But, during the May 7 contact, Butler chose to stop answering questions.  The investigator went to

regarding these three witnesses was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law." *See* 28 U.S.C. § 2254(d)(1).[8] Lee's objections in this regard are overruled and the habeas claim is denied.

**B.    Trial counsel was not ineffective in preventing Lee from testifying.**

The Magistrate Judge conducted a thorough analysis of this claim and it is adopted in its entirety. This Court writes separately only to address Lee's argument in his objections that he "never actually said 'I don't want to testify' during the colloquy." Amend. Objs. 5-6, ECF No. 38. De novo review establishes that, contrary to Lee's assertion, he did in fact inform the trial court that he did not want to testify.

The R&R quotes the trial court's colloquy of Lee that establishes he understood his right to testify and he understood the decision whether or not to testify was his, and his alone, to make. R&R 9-10 (The Magistrate Judge also addressed, and rejected, Lee's claim that counsel was ineffective by advising him not to testify in light of his prior drugs arrests). But, the R&R did

---

Butler's home on May 8, 2007, but she was not home. He spoke with her by telephone and she agreed to meet the following day. However, on May 9, 2007, the investigator went to Butler's apartment and she was again not home. When he attempted to contact her by telephone, she hung up and did not answer return phone calls.

[8]    Although these three witnesses were not specifically mentioned by name, this Court could conclude that the trial court's colloquy covered Lee's decision not to call these witnesses at trial. As cited in the R&R, the following discussion between the trial court and Lee occurred:

> THE COURT: And then the last question I want to ask you is, the defense has not rested yet, the jury is coming back after lunch so the case is still open, is there any other – I know there were a number of witnesses that were like – I don't know who any of those witnesses may be. They may be witnesses potentially if mitigation becomes an issue in this case. Were there *any other witnesses* that you wish to call that were not called by your lawyers or that you wish to call after the luncheon recess?

> THE DEFENDANT: No.

R&R 7 (citing Trial Transcript, June 27, 2007, at 131) (emphasis added).

not quote the entire colloquy between Lee and the trial court.  The exchange immediately

following the quotation in the R&R is as follows:

> THE COURT: Okay. Having consulted with your attorneys, having thought about
> it and having discussed this issue, do you wish to testify in this matter?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anybody forced you, threatened you, intimidated you or
> promised you anything to give up that right to testify?
>
> THE DEFENDANT: No.

Trial Transcript, June 27, 2007, at 127.  Lee's objection is therefore overruled.

### C.     An evidentiary hearing is not warranted.

"If the request for an evidentiary hearing is not barred by Section 2254(e)(2), the district

court has discretion to grant the request."  *See Burton v. Glunt*, No. 07-1359, 2013 U.S. Dist.

LEXIS 174805, at *93-94 (E.D. Pa. June 5, 2013), *adopted by* 2013 U.S. Dist. LEXIS 173830

(E.D. Pa. Dec. 11, 2013).  However, because a district court's review under § 2254(d)(1) "is

limited to the record that was before the state court that adjudicated the claim on the merits, . . .

[i]t follows that the record under review is limited to the record in existence at that same time--

i.e., the record before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011).

In accordance with *Cullen*, the Magistrate Judge properly denied an evidentiary hearing

on all habeas claims that were adjudicated on their merits by the PCRA court.  *See Brown v.

Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011) (holding that the district court erred in conducting

an evidentiary hearing on the habeas petitioner's claims that were decided on their merits in the

state court).  *See also, e.g., Commonwealth v. Brown*, 161 A.3d 960, 967 (Pa. Super. 2017)

(holding that the PCRA court could properly dismiss ineffectiveness claim for failing to call

witnesses without an evidentiary hearing where the petitioner failed to provide the PCRA court

with affidavits or certifications indicating, inter alia, the witnesses' availability and willingness to testify). The Magistrate Judge's decision denying an evidentiary hearing on those claims that were not disposed of on their merits by the state court is also correct because those claims can be decided upon review of the record alone. *See Morris v. Beard*, 633 F.3d 185, 196 (3d Cir. 2011) (holding that no evidentiary hearing is required where the record refutes the petitioner's factual allegations or otherwise precludes relief). Lee's request for a hearing is therefore denied.

### D. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Lee has not made a substantial showing of the denial of a constitutional right, nor would would jurists of reason find the Court's assessment debatable or wrong. *See, e.g. Ortiz v. Sauers*, No. 12-CV-1209, 2016 U.S. Dist. LEXIS 48762, at *3 (E.D. Pa. Apr. 8, 2016) (refusing to issue a certificate of appealability after finding that the state court, which determined there was sufficient evidence supporting the petitioner's rape conviction, was entitled to deference).

**V.     CONCLUSION**

After de novo review of the habeas corpus petition and memorandum of law, the complete federal and state court records, the R&R, and Lee's objections to the R&R, and for the reasons set forth herein, the R&R is adopted.  There is no need for an evidentiary hearing and Lee's request in this regard is denied.  Lee's objections to the R&R are overruled and his habeas claims are denied.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge